IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kareem Williams, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  12 C 10186 |
| NCO Financial Systems, Inc., a Pennsylvania corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Kareem Williams, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Kareem Williams ("Williams"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to American Education Services.

4. Defendant, NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania

corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, NCO was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant NCO is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, NCO conducts business in Illinois.

6. Moreover, Defendant NCO is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NCO acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. On September 20, 2012, Mr. Williams filed a Chapter 13 bankruptcy petition in a matter styled In re: Williams, N.D. Ill. Bankr. No. 12-37362. Among the debts listed on Schedule F of his bankruptcy petition was a debt Mr. Williams allegedly owed for a student loan that was being collected upon by American Education Services ("AES"), see, excerpt of bankruptcy petition attached as Exhibit C.

8. Accordingly, on September 23, 2012, AES was sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit D.

9. Nonetheless, on behalf of AES, Defendant NCO sent Mr. Williams a collection letter, dated November 2, 2012, demanding payment of the student loan debt that was included in the bankruptcy. A copy of this collection letter is attached as

Exhibit E.

10. All of Defendant NCO's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant NCO's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed**

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are also barred from taking any action to collect a debt that cannot be legally taken, see, 15 U.S.C. § 1692e(5).

14. Demanding payment of a debt that is included in a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

15. Defendant NCO's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

16.   Plaintiff adopts and realleges ¶¶ 1-11.

17.   Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

18.   Here, the bankruptcy and the notice issued by that court (Exhibit D) told Defendant to cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant violated § 1692c(c) of the FDCPA.

19.   Defendant NCO's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

20.    Plaintiff adopts and realleges ¶¶ 1-11.

21.   Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

22.    NCO's client, AES, was given notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with this debt.  NCO had, or

4

should have had, access to AES's record of same. Moreover, Plaintiff's bankruptcy was a matter of public record in the files of the bankruptcy court and was listed on his credit report and Defendant was, or should have been, aware of Plaintiff's bankruptcy before it sent out the collection letter.

23. By sending a debt collection letter directly to Mr. Williams, despite notice that he was represented by bankruptcy counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

24. Defendant NCO's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Kareem Williams, prays that this Court:

1. Find that Defendant NCO's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Williams, and against Defendant, for actual and statutory damages;

3. Award Plaintiff his costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kareem Williams, demands trial by jury.

Kareem Williams,

By:/s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: December 20, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com